```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,                    :
                                             :
                                             :
            -against-                        :     MEMORANDUM & ORDER
                                             :
                                             :     22-cr-178 (ENV)
NOEL ALSTON,                                 :
                                             :
                         Defendant.          :
------------------------------------------------------------- x
```

VITALIANO, D.J.

On April 18, 2022, defendant Noel Alston was indicted on one count of possession of a firearm after incurring a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and 3551 *et. seq*.  Indictment, Dkt. 1, at 1.  On September 30, 2023, Alston moved to dismiss the indictment on grounds that § 922(g)(1) violates the Second Amendment.  Mot., Dkt. 40; Def.'s Mem., Dkt. 40-1, at 4.[1]  For the reasons discussed below, defendant's motion is denied.[2]

## Legal Standard

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In *District of Columbia v. Heller*, the Supreme Court interpreted the language of the Second Amendment to "confer[] an individual right to keep and bear arms," which includes the right to possess a handgun in one's home.  554 U.S. 570, 595, 128 S. Ct. 2783, 2799, 171 L.

---

[1]  Page citations to the parties' memoranda are with reference to ECF pagination rather than internal pagination.

[2]  The motion is in the nature of a classic demurrer and, as such, for purposes of decision, the facts as charged in the indictment are presumed to be true.  In any event, defendant acknowledges, he was convicted of attempted robbery in 1987, attempted criminal possession of a weapon in 1993, and attempted burglary in 1998.  Def.'s Mem. at 4.

Ed. 2d 637 (2008); *see also McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010) (incorporating *Heller* as applicable to the States through the Fourteenth Amendment).

Later, in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, the Supreme Court reaffirmed *Heller* and *McDonald* and held that the Second Amendment additionally encompasses the right to "bear arms in public for self-defense." 142 S. Ct. 2111, 2156, 213 L. Ed. 2d 387 (2022). In so holding, the *Bruen* Court established the "standard for applying the Second Amendment": where the Second Amendment's "plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2126. The burden then shifts to the government to "demonstrate that the [disputed] regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* Only if the government carries that burden "may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)).

## Discussion

In *Bruen*'s wake, Alston moves to dismiss his indictment under § 922(g)(1), arguing, *inter alia*, that *Bruen* abrogated the Second Circuit's holding in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam). Def.'s Mem. at 21–23; Def.'s Reply, Dkt. 42, at 4–6. The argument he makes is hardly novel. Alston joins numerous others who have raised post-*Bruen* Second Amendment challenges to § 922(g)(1) attacking the statute's criminalizing the possession of a firearm or ammunition by a convicted felon. Although not binding precedent, the outcome of Alston's motion is well-foreshadowed by the discussions in those other cases.

The absence of binding circuit precedent on this topic following *Bruen* does not mean the absence of circuit precedent. Following *Heller*'s "more expansive interpretation of the [Second] Amendment," the Second Circuit, in fact, during the interregnum between the two Supreme Court

decisions, confronted the constitutionality of § 922(g)(1) in *Bogle*. Critical to the Second Circuit's *per curiam* opinion upholding § 922(g)(1) was the Supreme Court's "clear[] emphasi[s]" in *Heller* and again in *McDonald* that its decisions "should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'" *Bogle*, 717 F.3d at 281 (quoting *Heller*, 554 U.S. at 626). Specifically, the *Heller* Court enumerated several, non-exhaustive longstanding prohibitions left undisturbed by its opinion, including those "on *the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of firearms." *Heller*, 554 U.S. at 626–27, n.26 (emphasis added). Acknowledging that § 922(g)(1) fit squarely within *Heller*'s list, the Second Circuit upheld its constitutionality.[3] *Bogle*, 717 F.3d at 281–82.

In 2022, the Supreme Court in *Bruen* reaffirmed its holdings in *Heller* and *McDonald*, characterizing those opinions as recognizing "the right of an *ordinary, law-abiding citizen* to possess a handgun in the home for self-defense." *Bruen*, 142 S. Ct. at 2122 (emphasis added). In then holding that "ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense," the Supreme Court reemphasized that such a holding was "consistent" with *Heller* and *McDonald*. *Id.* The concurring opinions are in accord. Justice Kavanaugh, joined by Chief Justice Roberts, noted the limited nature of the *Bruen* holding and emphasized that "[n]othing in [the Court's] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 2162 (Kavanaugh, J., concurring) (quoting *Heller*,

---

[3] Although Alston contends that the statements in *Heller* are dicta, *see* Def.'s Mem. at 21 and Def.'s Reply at 5, such "debate is of little consequence because the statements became binding on this Court when the Second Circuit adopted them in [] *Bogle*." *United States v. Davila*, No. 23-cr-292, 2023 WL 5361799, at *2 (S.D.N.Y. Aug. 22, 2023). Moreover, as discussed in this decision, the weight of authority is that *Bruen* reinforces *Bogle* rather than undercuts it.

3

554 U.S. at 626–27). Likewise, Justice Alito's concurring opinion warns that "[the *Bruen*] holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . [n]or have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession of carrying guns."  *Id.* at 2157 (Alito, J., concurring).  And if there was any lingering doubt, as courts in this circuit have recognized, the Supreme Court repeatedly scattered the language "ordinary" and "law-abiding" citizens across the *Bruen* opinion, reinforcing that nothing in the *Bruen* holding upset the *Heller* opinion, on which *Bogle* relies with respect to § 922(g)(1).  *United States v. Sternquist*, No. 22-CR-473 (DLI), 2023 WL 6066076, at *4 (E.D.N.Y. Sept. 15, 2023) (citing *Bruen*, 142 S. Ct. at 2122, 2125, 2131, 2133–34, 2138, 2150, 2156); *see also United States v. Craft*, No. 23-CR-00178 (PMH), 2023 WL 6215326, at *2 n.3 (S.D.N.Y. Sept. 25, 2023) (noting that "six justices in *Bruen* expressed support for the bar on felons possessing firearms").

Still, Alston believes that *Bruen*'s reaffirming language does not tamp down the fire of his motion.  He pins his hopes to the argument that, because *Bruen* held unconstitutional one of the "presumptively lawful" regulations identified in *Heller*, any "pre-*Bruen* decisions treating *Heller*'s 'presumptively lawful' list as dispositive," like *Bogle*, "are no longer good law."  Def.'s Mem. at 23.  For starters, defendant relies on a faulty premise: contrary to what defendant would have the Court believe, *Heller*'s non-exhaustive list of presumptively lawful regulations did not include restrictions on public carry, as was at issue in *Bruen*.  *See Heller*, 554 U.S. at 626; *see also Sternquist*, 2023 WL 6066076, at *4.  But even if it did, defendant's domino-effect theory cannot stand: it would be antithetical to read *Bruen*, which repeatedly reaffirmed *Heller*, as casting such a sweeping net so as to invalidate *all* precedents that rely on *Heller* to uphold regulations that fall within *Heller*'s non-exhaustive list.

4

Past, in short, is prologue. Alston's argument meets the same fate as similar arguments advanced by others in his shoes. *See id.* at *4–5; *United States v. Warren*, No. 22-CR-231 (DLI), 2023 WL 5978029, at *4 (E.D.N.Y. Sept. 14, 2023); *Davila*, 2023 WL 5361799, at *2; *United States v. Hampton*, No. 21-cr-766 (JPC), 2023 WL 3934546, at *12–13 (S.D.N.Y. June 9, 2023). Simply put, *Bogle* remains binding precedent in this circuit,[4] and defendant's constitutional challenge to § 922(g)(1) fails as a consequence.[5]

## Conclusion

For the foregoing reasons, the Court joins numerous other courts within this circuit in upholding the constitutionality of § 922(g)(1). Defendant's motion to dismiss is denied.

So Ordered.

Dated: Brooklyn, New York
October 23, 2023

*/s/ Eric N. Vitaliano*
ERIC N. VITALIANO
United States District Judge

---

[4] Defendant also argues that, under the framework set forth in *Bruen*, the government cannot show that application of § 922(g)(1) is consistent with the nation's historical tradition of firearm regulation. *See* Def.'s Mem. at 10–21; Def.'s Reply at 6–17. Because *Bogle* is undisturbed, the Court need not analyze the nation's history of regulation of firearms with respect to convicted felons. The Court notes, however, that courts in this circuit that *have* conducted such an analysis post *Bruen* have held § 922(g)(1) to pass muster. *See, e.g.*, *Davila*, 2023 WL 5361799, at *3–5.

[5] To the extent defendant also makes an as-applied challenge to § 922(g)(1), this likewise fails. Defendant himself concedes that he has numerous felony convictions, *see* Def.'s Mem. at 4, and therefore § 922(g)(1) is not unlawful as applied to defendant. *See United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022).